IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

FRANK SKYM, et al., )
)
        Plaintiffs, )
)
v. ) No. 04-5105-CV-DW
)
BURLINGTON NORTHERN AND )
THE SANTA FE RAILROAD COMPANY, )
)
        Defendant. )

**ORDER**

    Plaintiffs' case was removed to the Western District of Missouri on October 22, 2004. On August 24, 2005, Plaintiffs filed an amended complaint which Defendant answered on September 8, 2005. Plaintiffs failed to take any action after that date. Trial was set to commence on January 8, 2007.

    After numerous attempts to contact Plaintiffs regarding the status of this case, this Court entered an Order to Show Cause on December 8, 2006. Plaintiffs were ordered to update the Court as to the status of the case within ten days of the date of the Order or risk dismissal for failure to prosecute. (Doc. 21). Defendant filed a Motion to Dismiss for failure to prosecute the following day. In its Motion, Defendant cited Plaintiffs failure to abide by the deadlines set by this Court's Trial Order. Since Plaintiffs failed to respond to the Order to Show Cause, the case was dismissed. (Doc. 23).

    On December 21, 2006, Plaintiffs filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 24). Plaintiffs stated that their inaction on this case resulted from (1) Plaintiffs awaiting a decision in the Eighth Circuit on a case with similar factual and

legal issues; (2) current discussions with Defendant regarding mediation; and (3) Plaintiffs' counsel's planned withdrawal from the case.

Federal Rule of Civil Procedure provides "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States Xpress Enters. v. J.B. Hunt Transp., 320 F.3d 809, 815 (8th Cir. 2003), *citing* United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987). 60(b) enumerates six different grounds upon which relief from judgment may be granted. While Plaintiffs do not specify the grounds upon which they base their Motion, their argument appears to be based in excusable neglect.

None of the reasons Plaintiffs' give for failing to prosecute this case arise to the level of excusable neglect. Plaintiffs failed to file a Motion to Stay or a Motion to Extend Deadlines in this case. Further, Plaintiffs even failed to respond to the Court's Order to Show Cause.

The Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.


Date: March 6, 2007                                              /s/ DEAN WHIPPLE
                                                                             Dean Whipple
                                                                   United States District Court